WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justus Hayward Dean Ferrell,<br><br>          Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>          Defendant. | No. CV-25-00350-TUC-RM (JEM)<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (Doc. 18) and Motion to Withdraw as Attorney (Doc. 20). For the reasons set forth below, the Motion for Attorney's Fees is denied and the Motion to Withdraw as Attorney is granted.

**I.     Background**

On August 26, 2025, the parties jointly moved to remand this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14.) On August 27, 2025, the Court granted the Stipulated Motion for Remand, and the Clerk of Court entered final judgment in favor of Plaintiff, and against Defendant, reversing the decision of the Commissioner of Social Security. (Docs. 15, 16.) On November 25, 2025, Plaintiff timely filed the pending Motion for Attorney's Fees, seeking an award of $573.31 under the EAJA. (Doc. 18.)

Plaintiff's attorney of record in this action is Maren Miller Bam. On August 14, 2025, in a different Social Security appeal in this district, Magistrate Judge Alison Bachus

revoked Ms. Bam's pro hac vice status for filing an opening brief containing citation deficiencies consistent with generative artificial intelligence, including hallucinated cases ("Sanctions Order"). *Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML (ASB), 2025 WL 2355222, at *12–13 (D. Ariz. Aug. 14, 2025), *vacated in part*, 2026 WL 91483 (D. Ariz. Jan. 13, 2026) (affirming pro hac vice revocation). Following the Sanctions Order, District Judge Susan Bolton ordered Ms. Bam to show cause as to why five pending pro hac vice applications, including an application in the above-captioned matter, should be approved ("Order to Show Cause"). (Doc. 20-7.) In response, Ms. Bam requested a 30-day period to voluntarily withdraw from her pending pro hac vice applications and active cases in this district. (Doc. 20-8.) Judge Bolton granted the request and barred Ms. Bam from applying for pro hac vice admission in this district for one year. (Doc. 20-1.)

**II.   Analysis**

    **A. Attorney's Fees**[1]

A litigant is entitled to attorney's fees under the EAJA if: (1) he is the prevailing party; (2) the government's position was not substantially justified; (3) special circumstances do not make an award unjust; and (4) the fees requested are reasonable. *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); 28 U.S.C. § 2412(d)(1)(A). Here, Plaintiff is the prevailing party, the government has failed to show that its position was substantially justified, and the requested fees are reasonable. However, special circumstances make an award of attorney's fees unjust because Ms. Bam was unauthorized to practice law in this case.

"An attorney who is admitted to practice in another U.S. District Court, and who has been retained to appear in [the District of Arizona] may, upon written application and in the discretion of the Court, be permitted to appear and participate in a particular case." LRCiv 83.1(b)(2). An attorney applying to appear pro hac vice in a particular case must state under penalty of perjury "that the attorney is not currently . . . subject to disciplinary

---

[1] Defendant did not respond to Plaintiff's Motion for Attorney's Fees, and the deadline for doing so has expired. Although a failure to respond may be deemed as consent to the granting of a motion, *see* LRCiv 7.2(i), the Court in its discretion will consider the Motion for Attorney's Fees on its merits.

proceedings in any court." *Id.*

The Ninth Circuit has held that when out-of-state counsel does not "properly and timely secure pro hac vice admission before the district court" in accordance with the district court's local rules, that failure is "sufficient reason to deny [an] application for attorneys' fees." *Idaho Sporting Congress, Inc. v. Alexander*, 23 F. App'x 713, 714 (9th Cir. 2001); *accord Priestley v. Astrue,* 651 F.3d 410, 418 (4th Cir. 2011) (explaining that "it may be unjust to compensate individuals who, without proper licensure, directly represent clients and, on their behalf, file papers and appear before the court"). Fees for an attorney not admitted to practice in this district may be recovered: (1) if the attorney "would have certainly been permitted to appear pro hac vice as a matter of course had he or she applied," or (2) if the work of the attorney "did not rise to the level of 'appearing' before the district court." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822–23 (9th Cir. 2009). Here, neither circumstance is present.

First, Ms. Bam's conduct in this case clearly rises to the level of "appearing" before the Court. Ms. Bam was Plaintiff's sole attorney of record in this case, she signed all filings on Plaintiff's behalf, and she negotiated a stipulated remand with opposing counsel. *See id.* at 823–24 (an attorney "appears" by physically coming into court, signing briefs, communicating with opposing counsel as an attorney of record, and rendering legal services directly to the plaintiff); *McDonough v. Bidwill,* No. CV-24-00764-PHX-DWL, 2025 U.S. Dist LEXIS 103881, 2025 WL 1556974, at *5 (D. Ariz. June 2, 2025) ("Signing briefs and identifying oneself as counsel during discussions with opposing counsel are 'appearances' that squarely fall into the category of practicing law.").

Second, following the Sanctions Order issued in *Mavy*, the Clerk's Office would not grant Ms. Bam's pro hac vice application as a matter of course, and Ms. Bam could not reasonably have believed otherwise. Ms. Bam contends the processing of her pro hac vice application fee indicated her application was approved, and that the Court permitted her "to participate fully as counsel of record, filing documents, responding to orders, and managing the case[,]" which she argues is consistent with "administrative approval" of her

pro hac vice application or "the Court's authority under LRCiv 83.1(e) to 'specially authorize' practice pending formal admission."[2] (Doc. 20 at 2–3.) But the Local Rules of Civil Procedure make clear that the processing of a pro hac vice application fee does not constitute approval of the application. *See* LRCiv 83.1(b)(2) (noting that "the Court may refund any or all of the fee paid by" an attorney if the attorney's pro hac vice application is denied). Ms. Bam's pro hac vice application was never approved,[3] as was made clear in Judge Bolton's Order to Show Cause, and this Court never issued an order specially authorizing Ms. Bam to appear during the pendency of the application.

The Court is troubled that Ms. Bam filed her Stipulated Motion for Remand without providing any indication that her pro hac vice application remained pending. It is even more troubling that Ms. Bam filed the pending Motion for Attorney's Fees after agreeing to withdraw her pro hac vice application in lieu of the application being denied—and that Ms. Bam failed to disclose in the Motion either the Sanctions Order or the Order to Show Cause.

Given Ms. Bam's unauthorized practice of law in this matter, special circumstances make an award of attorney's fees under the EAJA unjust, and Plaintiff's Motion for Attorney's Fees is accordingly denied.

### B. Motion to Withdraw as Attorney

Having reviewed the Motion to Withdraw as Attorney and finding that it sufficiently complies with LRCiv 83.3(b), the Court will grant the Motion and withdraw Ms. Bam as attorney of record for Plaintiff.

Accordingly,

---

[2] LRCiv 83.1(e) provides: "An attorney who, before admission or permission to practice pro hac vice has been granted, unless specially authorized by one of the judges, or during disbarment or suspension exercises any of the privileges of a member of this bar, or who pretends to be entitled to do so, is subject to appropriate sanctions after notice and opportunity to be heard."

[3] The Court notes that the Clerk's Office sends e-notices to counsel when pro hac vice applications are granted, and Ms. Bam does not contend she received any such notice. *See Instructions for Gaining Pro Hac Vice Admission to Practice Before the United States District Court for the District of Arizona*, https://www.azd.uscourts.gov/sites/azd/files/forms/PHVInstructions.pdf (last accessed Feb. 3, 2026).

**IT IS ORDERED** that Plaintiff's Motion to Withdraw as Attorney (Doc. 20) is **granted**. Attorney Maren Miller Bam is hereby withdrawn as attorney of record for Plaintiff Justus Hayward Dean Ferrell. The Clerk of Court is directed to update the docket accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney's Fees under the EAJA (Doc. 18) is **denied**.

Dated this 6th day of February, 2026.

_____
Honorable Rosemary Márquez
United States District Judge